# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Abigail B. Thompson

Case No: 3:15-cr-107-2
USM No: 31316-074

Date of Original Judgment: 8/1/2016
Date of Previous Amended Judgment: _____

G. Nicholas Wallace
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 10/9/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CR-107-KAC-DCP-2 |
| | ) | |
| ABIGAIL B. THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ANALYSIS**

Before the Court is Defendant Abigail Thompson's "Motion for Reduction in Sentence [Under] 18 USC 3582(c)(2)" [Doc. 1491]. On August 1, 2016, the Court sentenced Defendant to a total of 270 months' imprisonment for (1) conspiracy to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 1159 at 1-2]. On March 6, 2024, Defendant filed the instant Motion [Doc. 1491], asking the Court to reduce her term of imprisonment under Section 3582(c)(2) based on Amendment 821. On June 10, the Federal Defender Services of Eastern Tennessee ("FDSET") filed a "Notice of No Intention to File a Supplemental Motion" [Doc. 1494]. On July 25, the government responded in opposition [Doc. 1498], asserting that Defendant is "ineligible for any sentence reduction under 18 U.S.C. § 3582(c)(2)" [*See id.* at 2].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a

2

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines as it relates to "status points":

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".
>
> U.S. Sent'g Comm'n, Amendment 821 (2023).

3

Here, Defendant is ineligible for a reduction under Section 4A1.1(e) because she did not receive any "status points" at the time she was sentenced. When initially sentenced, Defendant had a subtotal criminal history score of six (6) [Doc. 716 at 22, *sealed]. She did not receive any "status points" because she did not commit the underlying offense while "under any criminal justice sentence" [*See id.*]. *See also* U.S.S.G. § 4A1.1. Thus, she is not entitled to a reduction under Amendment 821.

The Court appreciates Defendant's attempts to better herself and prepare for reentry to the community [*See* Docs. 1491-1, 1491-2, 1491-3, 1491-4, 1491-5]. Defendant has successfully completed numerous programs through various prison ministries and the Bureau of Prisons, including obtaining an apprenticeship and employment [*See* Docs. 1491-1, 1491-2, 1491-3, 1491-4, 1491-5]. However, because Defendant is not eligible for relief under Amendment 821 and Section 4A1.1(e), the Court denies her Motion.[1]

---

[1] To the extent Defendant's Motion could be read to argue that she is entitled to a reduction under Part B of Amendment 821, that argument fails because she had more than zero (0) criminal history points. *See* U.S.S.G. § 4C1.1.

4